# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **4-CR-17-393** |
| v. | : | |
| | : | **(JUDGE MANNION)** |
| **WAYNE DAVIDSON,** | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is the pre-trial motion to compel discovery under Fed.R.Crim.P. 16, (Doc. 26), filed by defendant Wayne Davidson. Defendant seeks the court to issue an order compelling the government to produce medical records and the identities of alleged victim-witnesses in this case in which it is charged that the use of the narcotics the defendant allegedly distributed resulted in serious bodily injury. The motion of defendant has been briefed. For the reasons set forth below, the court will **DENY** the motion.

## I. BACKGROUND

By way of relevant background, on December 14, 2017, defendant was indicted and charged by a grand jury with two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §841(a)(1). In Count 1, it was also alleged that the use of the narcotics distributed by the defendant resulted in serious bodily injury.

On April 12, 2018, the grand jury then indicted the defendant and a

1

co-defendant, Raymond Howard, in a Superseding Indictment, and charged Davidson with four additional counts, to wit: conspiracy to distribute controlled substances in violation of 21 U.S.C. §846; and three additional counts of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §841(a)(1). (Doc. 30). Further, two of the additional counts against Davidson charge that the use of the narcotics he distributed resulted in serious bodily injury.

## II. DISCUSSION

### 1. Motion to Compel Medical Records of Victims Under Rule 16

In U.S. v. Yawson, 2014 WL 3401663, *1 (W.D.Pa. July 10, 2014), the court stated:

> Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act and materials available pursuant to the "*Brady* doctrine." Id.

Rule 16(a)(1) provides, in part, that a defendant is entitled to "documents, objects, books, papers, photographs, etc. that will be used during the government's case-in chief" and "reports of examinations or tests."

Insofar as defendant seeks the medical records of the alleged victims,

2

such a request falls more specifically under Rule 16(a)(1)(E) which provides:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>     (i) the item is material to preparing the defense;
>     (ii) the government intends to use the item it its case-in-chief at trial; or
>     (iii) the item was obtained from or belongs to the defendant.

"Evidence is 'material' under rule 16 if 'there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, ... or assisting impeachment or rebuttal.'" United States v. DeLeon, 2017 WL 2271430, *24 (D.N.M. Feb. 8, 2017) (citations omitted). "Although the materiality standard is not a heavy burden, the Government need disclose rule 16 material only if it enables the defendant significantly to alter the quantum of proof in his favor." Id. (citation omitted).

Defendant seeks the court to direct the government to produce the medical records and the identities of victim-witnesses in this case regarding the charge that the narcotics he allegedly distributed resulted in serious bodily injury. In particular, defendant seeks to compel the government to give him the names of the persons to whom he allegedly sold drugs, that were injured from the drugs, as well as medical records of those persons showing that they suffered serious injuries that were caused by the drugs.

3

In response, the government contends that Rule 16 does not require it to produce all medical records and to disclose the identities of its witnesses, including the victims, prior to trial. The government also indicates that it has provided Rule 16 discovery in this case at defendant's arraignment on the Superseding Indictment, "including all medical records currently in the Government's possession pertaining to the serious bodily injury allegedly caused by the use of controlled substances distributed by the defendant." The government also states that the medical records "were acquired from responding Emergency Medical Technicians and UPMC Susquehanna, a hospital located in Williamsport, Pennsylvania." Thus, the government contends that since it "turned over all medical documents currently in its possession regarding the serious bodily injury alleged in this case, defendant's request, [ ], has been seemingly satisfied on that measure." The government also represents that it "will honor its continuing duty to disclose by redacting and providing any additional documents to defense counsel should additional subpoenas be issued or returned."

The court finds that while the requested medical records of the alleged victims/witnesses is evidence that is material under Rule 16 regarding the charges against defendant, the government has provided these records to defendant and will continue to provide any additional medical records that it obtains as part of its continuing duty under Rule 16. The court finds that the

government has complied with Rule 16 regarding the medical records. As such, the court will **DENY** defendant's Rule 16 motion to compel discovery.

### *2. Motion to Compel Disclosure of Identities of Victims*

Next, defendant moves to compel the government to produce the identities of the alleged victim-witnesses. He argues that the identities are relevant and material to his defense.

There is no dispute that the Superseding Indictment only identified the victims by their first and last initials. The government argues that "Rule 16 does not require that the Government provide a list of witnesses or the identity of any victims at this pretrial juncture."

The government has a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." U.S. v. Rivera, 524 Fed.Appx. 821, 826 (3d Cir. 2013) (quoting Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623 (1957)).

As the government, in its brief, (Doc. 60 at 6), explains:

> The victim-witnesses are drug purchasers potentially called to testify against their suppliers at the Government's request. Preserving their anonymity prior to trial mitigates against potential harassment. It thus encourages these and other potential victim-witnesses to assist the Government in identifying suppliers of dangerous and potentially lethal controlled substances.

In U.S. v. Rivera, 524 Fed.Appx. 821, 826-27 (3d Cir. 2013), the Third Circuit stated that "'[t]he scope of the [above stated] privilege is limited by its

5

underlying purpose," ... which is 'the furtherance and protection of the public interest in effective law enforcement.'" (internal citations omitted). "The Government may be required to disclose an informant's identity when '(1) the [informant's] possible testimony was highly relevant; (2) it might have disclosed an entrapment; (3) it might have thrown doubt upon the defendant's identity; and (4) the informer was the sole participant other than the accused, in the transaction charged.'" Id. at 827 (citations omitted).

It is within the district court's discretion in deciding a motion to compel the disclosure of the confidential informant's identity. U.S. v. Goode, 486 Fed.Appx. 261, 264 (3d Cir. 2012). The Third Circuit in Goode, 486 Fed.Appx. at 264-65, then explained:

> The Supreme Court has held that the government's interest in its informant's confidentiality "must give way," Roviaro v. United States, 353 U.S. 53, 61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), only if the informant's identity is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause," Id. at 60–61. We have held that the defendant bears the burden of showing why he has a "specific need" for the disclosure of the informant's identity. United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981) (citations omitted). "[M]ere speculation" that the informant's testimony would be "helpful to [a] defendant's case is not sufficient." Id. (citations omitted).

Here, defendant has not met his burden of showing a specific need for the victims' identities, and he only generally speculates that the identities are material in order to determine if the victims suffered serious bodily injury from narcotics he allegedly sold. Defendant now has the medical records of the victims and at this pre-trial juncture, this evidence is sufficient for him to

6

prepare his defense. As such, there is no compelling reason given by defendant requiring disclosure of the victims' identities at this time. Further, the government states that it will make its witness list available to defendant at a later date prior to jury selection. Thus, the court finds that defendant has not satisfied any of the above stated factors specified in *Rivera*.

Moreover, the court finds that the government also has good reason to protect the identities of the victims alleged in the Superseding Indictment for their safety. *See* United States v. Bangaroo, 2017 WL 3495702 (M.D.Pa. Aug. 15, 2017).

### III. CONCLUSION

Based on the foregoing, the court will **DENY** defendant Davidson's pre-trial motion to compel the government to produce the medical records of the victims/witnesses as well as the motion to compel the government to produce the full identities of the victim/witnesses at this time. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 16, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2017 CRIMINAL MEMORANDA\17-393-01.wpd